# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MERRITT C. BROWN,
          Appellant,

v.

OFFICE OF PERSONNEL
  MANAGEMENT,
          Agency.

DOCKET NUMBER
AT-0841-14-0541-I-1

DATE: August 4, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Merritt C. Brown, Punta Gorda, Florida, pro se.

Cynthia Reinhold, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) denying his request for corrective action under the Federal Erroneous Retirement Coverage Corrections Act (FERCCA). Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The appellant was formerly employed by the Library of Congress in a Civil Service Retirement System (CSRS) covered position from March 13, 1969, until he resigned effective June 4, 1969.  Initial Appeal File (IAF), Tab 3 at 14, Tab 7 at 64.  Subsequently, from September 8, 1986, to August 11, 2000, the appellant was a Foreign Service Officer with the U.S. Department of State.  IAF, Tab 3 at 15, Tab 7 at 26, 60-62.  Upon his appointment to the Foreign Service, the appellant became covered by the Foreign Service Retirement and Disability System (FSRDS).  IAF, Tab 3 at 15.  Effective January 1, 1987, he was converted to the Foreign Service Pension System (FSPS) because he had less than 5 years of Federal civilian service.[2]  *Id.* at 16.  On August 2, 2004, the appellant became

---

[2] This action was taken pursuant to the Federal Employees' Retirement System (FERS) Act of 1986, which established FERS and FSPS.  Pub. L. No. 99-335, § 415, 100 Stat. 616 (1986).  FSPS is equivalent to FERS.  *Id.* at § 411.

employed by the Occupational Safety and Health Review Administration (OSHRA) and was placed in FERS. *Id*. at 19. The appellant remained in FERS until he retired, effective December 31, 2011.[3] IAF, Tab 7 at 55.

¶3 On August 2, 2012, the appellant notified OPM that he believed that he had been erroneously placed in FERS upon his reemployment with OSHRA in August 2004, and requested relief under FERCCA. IAF, Tab 3 at 21-24. In both its initial and final decisions, OPM informed the appellant that he was properly placed in FERS because he did not have 5 years of creditable civilian service under CSRS. IAF, Tab 7 at 9-11, 18-19. Specifically, OPM advised that, although the appellant's Library of Congress service from March 13, 1969, to June 4, 1969 (2 months and 22 days) constituted creditable service under CSRS, his FSPS service did not because it was not service under subchapter I of chapter 8 of Title I of the Foreign Service Act of 1980. *Id.* at 10.

¶4 The appellant filed a timely Board appeal of OPM's final decision in which he contended that he should have been excluded from FERS under 5 C.F.R. § 842.104(c), he should have been provided an opportunity to elect to remain in FSPS and his annuity should have been calculated under FSPS rules. IAF, Tab 1 at 5-6, Tab 3 at 11-12. The appellant also argued that he should have been covered under FSPS because, under 3 Foreign Affairs Manual (FAM) § 6125.3, "a FSPS election becomes irrevocable on the date it becomes effective," which happened here, given that he completed 14 years of creditable civil service under FSPS. IAF, Tab 3 at 11-12.

¶5 After holding a hearing, the administrative judge issued an initial decision affirming OPM's final decision. IAF, Tab 16, Initial Decision (ID). The administrative judge found that the appellant was not excluded from FERS

---

[3] The appellant was employed by OSHRA from August 2, 2004, to January 13, 2007. IAF, Tab 3 at 19, Tab 7 at 24. From January 14, 2007, to December 31, 2011, the appellant was employed by the Public Defender Service of the District of Columbia. IAF, Tab 3 at 20, Tab 7 at 55.

coverage pursuant to 5 C.F.R. § 842.104(c) because he did not have at least 5 years of civilian service creditable under CSRS, including the FSRDS; rather, he had almost 14 years of service under FSPS, a different system.  ID at 4.  The administrative judge also rejected the appellant's argument that all of his service should be creditable under FSPS because, although an individual can receive credit under FSPS for a period of *prior* FERS service if he waives credit under FERS and makes a necessary deposit to FSPS, the law does not provide for credit for a period of FERS service *after* leaving the Department of State.  ID at 4-5. Lastly, the administrative judge rejected the appellant's arguments that OSHRA failed to provide him with notice of a right to make an election under 3 FAM § 6126.3, and that he had irrevocably elected FSPS coverage under 3 FAM § 6125.3, finding that such sections did not apply to the appellant.[4]  ID at 5-6. Having determined that the appellant was properly placed in FERS, the administrative judge found that the appellant was not entitled to corrective action under FERCCA.  ID at 6-7.

¶6    The appellant has filed a petition for review in which he reiterates his arguments below.  Petition for Review (PFR) File, Tab 1 at 9-13.  The agency has filed a response in opposition to the appellant's petition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    FERCCA addresses the problems created when employees are in the wrong retirement plan for an extended period.  *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 13 (2012); 5 C.F.R. § 839.101(a).  An employee may seek relief under FERCCA if the employee experienced a "qualifying retirement coverage error," defined as an "erroneous decision by an employee or agent of the

---

[4] The FAM provisions cited by the appellant address employee elections of retirement benefits.  *See* 3 FAM 6100 Foreign Service Retirement and Disability System and Foreign Service Pension System, 3 FAM §§ 6125, 6126, U.S. Department of State, *available at* http://www.state.gov/m/a/dir/regs/fam/03fam/3_6100/index.htm.  We agree with the administrative judge that the provisions do not apply to the appellant who did not have a right to an election because he was automatically converted to FSPS.

Government as to whether Government service is CSRS covered, CSRS Offset covered, FERS covered, or Social Security-Only covered that remained in effect for at least 3 years of service after December 31, 1986." *Poole*, 117 M.S.P.R. 516, ¶ 13; 5 C.F.R. § 839.102. An employee who has been the subject of a qualifying retirement coverage error under FERCCA may be entitled to various forms of relief, including a choice of retirement plans. *Poole*, 117 M.S.P.R. 516, ¶ 13.

¶8      The applicable law supports the administrative judge's finding that the appellant was properly placed under FERS in August 2004, because he did not have 5 years of creditable civilian service. After December 31, 1986, employees who are rehired are automatically covered by FERS unless they have 5 years of creditable civilian service. *See* 5 U.S.C. § 8402(b)(2)(A); 5 C.F.R. § 842.104(c); CSRS and FERS Handbook for Personnel and Payroll Offices, Section 10A1.3-4(B), Office of Personnel Management (Apr. 1998), *available at* http://www.opm.gov/retirement-services/publication-forms/csrsfers-handbook/. Upon his rehire in August 2004, the appellant had 2 months and 22 days of prior CSRS service and 13 years and 10 months of prior FSPS service. Thus, he would have met the 5-year test only if his prior FSPS service constitutes creditable civilian service. As set forth below, we agree with the administrative judge that it does not.

¶9      Section 8402(b)(2)(A) of chapter 5 excludes from FERS employees who have been separated from service after "having been subject to subchapter I of chapter 8 of title I of the Foreign Service Act of 1980" and "having completed at least 5 years of civilian service creditable under subchapter I of chapter 8 of title I of the Foreign Service Act of 1980." 5 U.S.C. § 8402(b)(2)(A). Subchapter I of chapter 8 of Title I of the Foreign Service Act of 1980 contains provisions detailing the FSRDS. *See* Federal Employees' Retirement System Act of 1986, Pub. L. No. 99-335, §§ 402, 415, 100 Stat. 609, 614-15 (1986) (amending chapter 8 of Title I of the Foreign Service Act of 1980 to designate

subchapter I- Foreign Service Retirement and Disability System and subchapter II- Foreign Service Pension System). An individual in FSPS is not a participant in the FSRDS. *Id.* at § 414. Thus, although the appellant had more than 13 years of FSPS service, such service is not creditable under CSRS.

¶10 OPM's implementing regulations similarly require 5 years of civilian service creditable under CSRS rules for an individual to be excluded from automatic FERS coverage. 5 C.F.R. § 842.104(c). Creditable service includes service performed under another retirement system if the employee can waive benefits under the other system and make a deposit to CSRS to obtain credit. *See* CSRS and FERS Handbook for Personnel and Payroll Offices, Sections 10A1.1-2(A), 12A5.1-6(B). There is no provision providing for FSPS credit under CSRS. *See* 5 U.S.C. § 8332. Rather, FSPS service is creditable under FERS.[5] *See* 5 U.S.C. § 8411(b)(4) (defining creditable service under FERS to include a period of service that was creditable under FSPS if the employee waives credit for such service under FSPS and makes a payment to FERS).

¶11 Thus, we agree with the administrative judge that the appellant was properly placed in FERS because he did not have at least 5 years of creditable service under CSRS rules. Accordingly, we discern no reason to disturb the initial decision that affirmed OPM's final decision, finding that the appellant was not subject to a retirement coverage error and, therefore, was not entitled to corrective action under FERCCA.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[5] Indeed, the appellant decided to transfer his FSPS contributions to FERS. *See* IAF, Tab 7 at 82-84.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.